# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JUAN JOSE STEVENS,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C09-0170-LRR<br>No. CR06-0139-LRR<br><br>ORDER |

This matter appears before the court on Juan Jose Steven's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1). Juan Jose Steven's ("the movant") filed such motion on November 30, 2009. Having conducted its preliminary consideration of the movant's § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court directs the government and the movant to respond in the following manner:

> 1. The government is directed to file a brief in response to the movant's § 2255 motion on or before September 7, 2010. The government may attach relevant exhibits to its brief.
>
> 2. If he so chooses, the movant is directed to file a brief in reply to the government's response on or before September 28, 2010.

The movant raises at least one claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *In re Lott*,

424 F.3d 446, 453 (6th Cir. 2005) (same); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); ABA Model Rules of Professional Conduct 1.6(b)(5)-(6) (providing guidance as to when a lawyer may reveal information relating to representation of a client). Therefore, counsel whose representation is challenged is directed to cooperate with the government and to provide information, documents and/or an affidavit, if necessary, that is responsive to any ineffective assistance of counsel claim asserted by the movant.

Where former counsel cooperates by reviewing his or her files, by providing information and documents, by preparing an affidavit and/or by testifying during an evidentiary hearing, the court deems it appropriate to pay him or her under the Criminal Justice Act, 18 U.S.C. § 3006A. After providing the requisite services, counsel may submit a supplemental CJA 20 voucher. Absent exceptional circumstances or an extraordinary reason for doing so, counsel's claim for services should not exceed 10 hours and claim for other expenses should not exceed $250.00.

**IT IS SO ORDERED**.

**DATED** this 7th day of July, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA