**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

JUAN JOSE STEVENS,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C09-0170-LRR (Civil)
No. CR06-0139-LRR (Criminal)

ORDER

## TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.   RELEVANT BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . 2
III.  ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
IV.  CERTIFICATE OF APPEALABILITY . . . . . . . . . . . . . . . . . . . 6
V.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## I. INTRODUCTION

The matter before the court is Juan Jose Stevens' timely "Petition Under 28 U.S.C. 2255 By a Person in Federal Custody" (civil docket no. 1).[1] Juan Jose Stevens ("the movant") filed such motion on November 30, 2009. On July 7, 2010, the court, among other things, directed the parties to brief the claims raised in the movant's motion (civil docket no. 3). On August 19, 2010, the government filed a resistance (civil docket no. 5).

---

[1] The movant previously filed a "Petition for Writ of Error" claiming ineffective assistance of counsel on May 12, 2008. After the court advised the movant that it intended to construe the filing as a motion under 28 U.S.C. § 2255, the movant objected and the court dismissed the action under 28 U.S.C. § 1651 on June 10, 2009.

On September 28, 2010, the movant filed a reply (civil docket no. 6). The court now turns to consider the movant's motion.

## II. RELEVANT BACKGROUND

On December 20, 2006, the movant was charged in a six-count Superseding Indictment (criminal docket no. 59). In count 1, the government charged the movant with possession with intent to distribute, and aiding and abetting the possession with intent to distribute approximately 3.85 kilograms or more of a mixture or substance containing a detectable amount of cocaine within 1,000 feet of a school and after previously being convicted of two or more felony drug offenses. In count 2, the government charged the movant with possession with intent to distribute approximately 322.1 grams of a mixture or substance containing a detectable amount of cocaine within 1,000 feet of a school and after previously being convicted of two or more felony drug offenses. Under count 3, the government charged the movant with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine within 1,000 feet of a school and after previously being convicted of two or more felony drug offenses. Under count 4, the government charged the movant with conspiracy to commit money laundering. The remaining counts charged the movant with interstate travel to facilitate unlawful activity and felon in possession of ammunition.

After unsuccessfully seeking to suppress evidence, the movant entered a conditional plea of guilty to conspiracy to distribute and possess with intent to distribute cocaine (count 3) and conspiracy to commit money laundering (count 4). The court accepted his plea of guilty on February 14, 2007.

The court sentenced the movant on June 8, 2007. He received a life sentence on count 3 and 235 months imprisonment on count 4 of the superseding indictment. The court ordered both of those sentenced to be served concurrently with each other. Additionally, the court imposed a term of ten years supervised release and ordered the movant to pay a $200 special assessment.

The movant unsuccessfully appealed to the Eighth Circuit Court of Appeals. On direct appeal, the movant asserted that the warrant to search his residence was not supported by probable cause and violated the standard set forth in *Franks v. Delaware*, 438 U.S. 154 (1978). The Eighth Circuit Court of Appeals upheld the court's denial of the movant's motion to suppress. *United States v. Stevens*, 530 F.3d 714, 719 (8th Cir. 2008).

### III. ANALYSIS

The movant raises a number of claims in his motion, some of which are procedurally barred.[2] Ordinarily, movants are precluded from asserting claims that they fail to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id. (citing Bousley v. United States*, 523 US 614, 622 (1998)). *See also Massaro v. United States*, 538 US 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice.") "'[C]ause' under the cause and prejudice test must be something <u>external</u> to the [movant], something that cannot be attributed to him." *Coleman v. Thompson*, 501 US 722, 753 (1991) (emphasis in original). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *McClesky v. Zant*, 499 US 467, 501 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 US at 623-24; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[3]

---

[2] The movant does not clearly set forth the claims that are a basis for redress under 28 U.S.C. § 2255. The court, however, deems it appropriate to address all of the issues that the movant potentially raised in his motion.

[3] The procedural default rule applies to a conviction obtained through trial or
(continued…)

3

The following claims are procedurally barred: (1) the information concerning the movant's criminal history contained in the search warrant was false; (2) affiant made false statements within the warrant affidavit; (3) law enforcement should have used surveillance techniques to establish probable cause in the warrant affidavit; (4) affiant should have known the information concerning the movant's criminal history was false; (5) the district court erred in ruling that probable cause existed for the search warrant; (6) the search warrant was based on false information; (7) the informant was not reliable; (8) the movant was not a career criminal; and (9) the movant was not a leader in the conspiracy for purposes of sentencing. All of the above issues could have been litigated on direct appeal and, therefore, are procedurally defaulted. Further, the movant failed to show either cause excusing his procedural default and prejudice or actual innocence.

The movant's claims that his trial counsel provided ineffective assistance are appropriately raised for the first time in this action. The movant claims that his counsel was ineffective: (1) when he failed to call and impeach the informant witness at the *Franks* hearing and (2) when he did not ask the proper questions concerning his criminal history at the *Franks* hearing. The movant requests an evidentiary hearing on the issues raised.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations

---

³(…continued)
through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reed v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, the court can dismiss a 28 U.S.C. § 2255 motion without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *accord Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record" and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980))). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that counsel represented the movant in a manner that comports with the requirements of the Sixth Amendment. As such, the court finds that there is no need for an evidentiary hearing.

With respect to the merits of the movant's claims, the court deems it appropriate to deny the movant's 28 U.S.C. § 2255 motion for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the

facts in the movant's case. Specifically, the government correctly concludes that all of the movant's ineffective assistance of counsel claims are without merit.

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's 28 U.S.C. § 2255 motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))).

The court concludes that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. The movant's assertions about counsel do not lead the court to conclude that a violation of the Sixth Amendment occurred.

## IV. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2255 proceeding before a district judge, "the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253(a). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals[.]" 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000);

*Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts may reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 2255 Motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because the movant has not shown reasonable jurists would find the court's assessment of the movant's constitutional claims debatable or wrong, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of the 2255 Motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

7

## V. CONCLUSION

**IT IS THEREFORE ORDERED**:

1) Movant's 28 U.S.C. § 2255 motion (docket no. 1) is **DENIED**.

2) A certificate of appealability is **DENIED**.

**DATED** this 6th day of February, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA